William A. Browning
vs.
Amos M. Bowen and Earle J. Liberty, Sr., Co-Conservators of the property of Antonio Spencer
P. A. No. 1392.

Arthur Spencer
vs.
Amos M. Bowen and Earle J. Liberty, Sr., Co-Conservators of the property of Antonio Spencer
P. A. No. 1390.

April 10, 1934.

CHURCHILL, J. Heard on motion to strike out reasons of appeal.

Amos M. Bowen and Earle J. Liberty, Sr., appointed by the Probate Court of the City of Cranston as co-conservators of the property of Antonio Spencer, filed in that Court their second and final account as such conservators and the account was allowed November 3, 1933.

Appeals were prosecuted by the above entitled parties appealing from such decree.

The co-conservators, appellees, now move to strike out certain identical reasons of appeal filed in each case.

I. The first, second and sixteenth reasons of appeal are vague and indefinite.

*Vail* vs. *McPhail*, 34 R. I. 362, relates to appeals in equity from the Superior Court to the Supreme Court. In an appeal to this Court from the Probate Court, this Court hears the appeal de novo. Fair practice demands that the issues to be tried in this Court on an appeal from the decree of a probate Court be defined with more precision than exhibited in the first, second and sixteenth reasons herein.

Motion to strike out as to these reasons of appeal is granted.

II. Reasons of appeal third, fourth, sixth, seventh, eight, ninth, tenth and twelfth take a common ground. They raise as a question of law the point as to whether the co-conservators had authority to make the expenditures and as to whether the Proabte Court had jurisdiction to authorize the co-conservators to expend money for the personal wants and necessities of Antonio Spencer, such as, for example, hospital bills, nursing charges and medical services.

(5679) Sec. 26, Chap. 372, Gen. L. 1923, gives the probate Court power to allow in the settlement of the accounts of any guardian such reasonable sums as the guardian shall have paid for the suitable support of the ward and his family.

(5681) Sec. 28, Chap. 372, provides that "every guardian of the estate of another shall * * * apply the income and profits thereof * * * to the support and maintenance of the ward and his household or family".

(5683) Sec. 30 of the same chapter is drawn on the same theory as to the powers of a guardian. It provides for the sale of the property of the ward for the support of the ward or for any other purpose beneficial to the ward.

Now coming to the powers of conservators, (5690) Sec. 37, Chap. 372, provides:

"Such conservator shall give bond and file inventory as is required of guardians of estates. All provisions of law relative to accounting and to the management, investment, sale, lease, or mortgage by guardians of estates shall apply to the accounting and to the management * * * of estates by conservators."

It seems abundantly clear that the co-conservators were, under the probate law, authorized to expend the funds of the estate for the services set forth in the items in the decree appealed from, and that the probate Court has jurisdiction to authorize such expenditures and to allow them in the account now attacked.

Motion to strike out as to the grounds set forth above under II is granted.

III. Reasons of appeals fifth, eleventh and thirteenth raise the question of reasonableness of the expenditures of the conservators.

From the evidence it appeared that all of the bills for expenditures were presented to the probate judge having jurisdiction over the estate and after consideration thereof were allowed and approved by him.

The appellees take the position that the decree allowing these items so previously approved by the Probate Court is not appealable by reason of the provisions of (5418) Sec. 19, Chap. 362, Gen. L. 1923. This section reads as follows:

"In all cases where an executor, administrator or guardian is directed by law to obtain the advice and direction of the probate Court before acting, there shall be no appeal from such advice and direction; and the same shall be conclusive, and all parties acting thereon shall be protected thereunder."

The conservator is not given the protection of this section under its terms and it may be further pointed out that while the General Laws of 1909 contained the provisions in respect to conservators, the revision of 1923 made no change in the provisions in regard to appeals and the identical language of Sec. 19 Chap. 313, of the General Laws of 1909 was carried through into the revision of 1923 and remains unaltered as it now stands as Sec. 19 of Chap. 362.

The appellees further contend that by the effect of Secs. 36 and 37 of Chap. 372, conservators have been put

# 86

in the same category as executors, administrators and guardians under the provisions of Sec. 19, Chap. 362.

The argument is this: wherever an executor, administrator or guardian "is directed by law to obtain the advice and direction of the probate Court before acting, there shall be no appeal" &c. Under Sec. 36, Chap. 372, it is provided that the conservator "shall have the charge and management of the property * * * subject to the direction of the Court". Further, by the provisions of Sec. 37, Chap. 372, "all provisions of law relative to accounting and to the management * * * by guardians of estates shall apply to the accounting and the management * * * of estates by conservators". Therefore, it is claimed the conservators are within the provisions relative to appeal. (Ch. 362, Sec. 19.)

The difficulty with the argument is that it makes it necessary for the Court to read into Sec. 19 of Chap. 362 the word "conservator" and to say that while Sec. 37, Chap. 372, assimilated the accounting of conservators to that of guardians, executors, and administrators, it also carried over by implication the provisions in respect to appeals. This conclusion by no means follows.

The entire matter involved here is purely a question of statutory construction (*Thompson* vs. *Clark*, 46 R. I. 307) and while the appellees have made a strong argument to the effect that there is no reason why the conservators should not be protected in the same manner as guardians, executors and administrators, a sufficient answer is that the Legislature has not seen fit to do so. The Court is fortified in its conclusion by the case of *Estes* vs. *Probate Court of the Town of East Providence*, 36 R. I. 57, in which

the Court took occasion rather carefully to state the cases in which there was no appeal from the action of the Probate Court and in that recital no mention is made as to cases where there had been approval of the expenditures of a conservator by the Probate Court.

The motion to strike out reasons of appeal included under III herein is denied.

For appellant: Goldberg & Goldberg.

For appellee: William M. P. Bowen & Ralph M. Greenlaw.